CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/5/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| THOMAS BOWLING,<br><br>         *Plaintiff*,<br>  v.<br><br>CITY OF LYNCHBURG, ET AL.,<br><br>         *Defendants.* | CASE NO. 6:25-CV-00042<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Thomas Bowling moves the Court to vacate its previous judgment dismissing his complaint, to order mandatory recusal, and to reassign the case to a different judicial officer. Dkt. 6. Previously, Bowling sued the City of Lynchburg, Senior Assistant Susan L. Hatman, and Billings Officer Monica Chavis ("Defendants") for a Fifth Amendment violation, a violation of the Privileges & Immunities Clause, unjust enrichment, a violation of 42 U.S.C. § 1983, defamation/libel, and declaratory and injunctive relief. Dkt. 1.

## BACKGROUND

In his initial complaint, Bowling, proceeding pro se, alleged Defendants "rejected" "a Bill of Exchange ('BOE')" as payment for his property taxes; "placed a lien against Plaintiff and began garnishing [his] wages;" and "intercepted and withheld [his] state income tax return, applying it to a disputed property tax." Dkt. 1 ¶¶ 10, 13, 16, 18. Bowling further alleged being "denied car registration decals, which impaired [his] ability to travel to and from work." *Id.* ¶ 20. Bowling, simultaneously filed his complaint and a motion to proceed *in forma pauperis*. Dkt. 4. The Court granted his motion, but in doing so, and by relying on its authority under 28 U.S.C. §

1915(e)(2)(B)(i), dismissed the complaint with prejudice as it was "patently frivolous." Dkt. 5 at 1.

## Argument

### A.  Motion for Recusal/Reassignment

Bowling seeks the "[i]mmediate recusal of the presiding judge, vacatur of the August 8, 2025 Order, and reassignment to a different judicial officer" as the Court "brand[ed] [his] pleading with 'sovereign citizen' rhetoric in the August 8, 2025 Order." Dkt. 7 at 7, 9. According to Bowling, the Court has "formed an adverse, ideology-based view" of him, requiring "mandatory recusal under § 455(a)." Not so.

A United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2008). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. at (b)(1). For a judge to be considered impartial under this standard, he must hold an apparent wrongful or inappropriate disposition toward a party. *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995) (citing *Liteky v. United States*, 510 U.S. 540, 552 (1994)); *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (finding recusal appropriate where judge commented ethnic group had "hearts . . . reeking with disloyalty"). For a judge to be considered biased, he must have "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved . . . rests upon knowledge that the subject ought not to possess . . . [or] is excessive in degree." *Liteky*, 510 U.S. at 550 (emphasis in original). To make this determination, "[t]he inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

In its previous opinion, the Court first analyzed the legal landscape surrounding bills of exchange, and stated the following as part of the general rule: "[s]ubsequent judicial decisions addressing similar claims have characterized such attempts to use 'bills of exchange' as related to meritless sovereign citizen legal theories." Dkt. 5 at 7. The Court applied this rule to Bowling's case, stating "[t]o be clear, Bowling "does not use the specific words 'sovereign citizen,' but his claims 'are based in that ideology, are frivolous, and subject to summary dismissal.'" Dkt. 5 at 7 (internal citations omitted).

The Court did not further discuss sovereign citizen ideology or demonstrate any "personal bias or prejudice" toward Bowling throughout its ruling. Dkt. 5 at 7; 28 U.S.C. § 455(b)(1). Likewise, the Court had no additional knowledge about Bowling or this case beyond what was contained in the filings. *Id.* at (a). As such, "a reasonable person would have a reasonable basis for questioning the judge's impartiality" and would not find that the Court, acting with prejudice, "brand[ed]" Bowling's pleading "with 'sovereign citizen' rhetoric." *In re Beard*, 811 F.2d at 827; Dkt. 6 at 7. This case, therefore, does not meet the statutory requirements for recusal; the Court will deny the motion for recusal and reassignment and will not vacate the previous judgment on these grounds.[1]

---

[1] Bowling also alleges that "[d]efense counsel in [his] later action echoed the same extremist framing," i.e., labeled his actions as being consistent with sovereign citizen rhetoric. Dkt. 6 at 7. After a thorough review of the docket in Bowling's later action, *Bowling v. Bank of America*, 6:25-cv-00041, the Court found Defendants raised a similar argument in their opposition to Bowling's motion for summary judgment, which stated "[i]nstead, this language and legal theory is consistent with those perpetuated by the Sovereign Citizen extremist movement, which are routinely denied." *Bank of Am.*, Dkt. 20 at 6. However, the Court did not rule on the merits of Bowling's motion for summary judgment, instead dismissing it as moot when granting Bank of America's motion to dismiss. *Id.*, Dkt. 25. And further, this statement, and the Court's actions surrounding it, would not lend a "reasonable person . . . a reasonable basis for questioning the judge's impartiality." *In re Beard*, 811 F.2d at 827. As such, this secondary argument also fails to support Bowling's motion for recusal.

### B. Motion to Vacate Judgment

Bowling also moves the Court to vacate the judgment under Federal Rules of Civil Procedure 60(b)(1), (b)(3), (b)(4), and (b)(6). Dkt. 6 at 3-5. The Court will deny the motion as Rule 60(b) is an "extraordinary remedy" that "is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

*Rule 60(b)(1)*

A court may reopen a case under Rule 60(b)(1) to relieve a party from "mistake, inadvertence, surprise, or excusable neglect." "Mistake" includes "a judge's mistakes of law" or fact. *Kemp v. United States*, 596 U.S. 528, 534-35 (2022). Bowling argues the Court erred when "conflating novelty disfavor, and judicial skepticism with statutory frivolousness," and that "frivolousness is a punitive, exceptional classification reserved for pleadings that lack any arguable basis in law or fact." Dkt. 6 at 3. Although he states the Fourth Circuit and Supreme Court support his assertion, Bowling offers no citations or caselaw to support his arguments.

Federal law grants courts the power to determine cases are "frivolous or malicious" if a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(i). Cases are "frivolous" where they "lack an arguable basis either in law or in fact"—meaning where a case "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Bowling's case met this standard, and the Court did not err in dismissing it as frivolous. In coming to the previous determination, the Court discussed how Bowling's complaint was "premised on an erroneous legal assertion: that an individual's self-created 'bill of exchange'— untethered from anything of value—is legal tender." Dkt. 5 at 4. The Court situated its dismissal in both binding and persuasive precedent, demonstrating that Bowling's "bill of exchange" was

"plainly not a legitimate payment method" as he "did not intend for [it] to be a check." *Id.* at 4-5. This discussion indeed demonstrated Bowling's case "lack[ed] an arguable basis either in law or fact," meeting the requirements of the statute. *Neitzke*, 490 U.S. at 325. The Court will deny Bowling's motion to vacate based on Rule 60(b)(1).

*Rule 60(b)(3)*

A court may reopen a case under Rule 60(b)(3) to relieve a party from a judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Bowling alleges "[r]espondents advanced conclusory characterizations without proof, and the Court adopted them without testing evidentiary predicates" which "materially infected the adjudication." Dkt. 6 at 5. Bowling does not say which respondents, what characterizations were offered, and at what point the Court adopted them. *Id.* As the Court never received filings from a respondent in this case and did not consider anything other than Bowling's complaint when dismissing the case, the Court finds Bowling's argument regarding Rule 60(b)(3) to be without merit and will deny his motion to vacate on these grounds.

*Rule 60(b)(4)*

A court may reopen a case under Rule 60(b)(4) if a "judgment is void." "An order is 'void' for the purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a matter inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999)). When "a jurisdictional error is 'egregious,'" courts will "treat the judgment as void." *Id.*

Here, Bowling requests relief under Rule 60(b)(4), arguing the judgment is "void" because the Court's impartiality "may reasonably be questioned" and because "the court

5

resolve[d] disputed issues without findings of fact and conclusions of law." Dkt. 6 at 3. He does not raise any jurisdictional concerns with the Court's ruling. As discussed above, the Court did not act in a manner requiring recusal—nor did it act in a way that a reasonable person would have a reasonable question as to its impartiality. *In re Beard*, 811 F.2d at 827. Therefore, the Court will deny Bowling's motion to vacate on these grounds.

*Rule 60(b)(6)*

A court may reopen a case under Rule 60(b)(6) for "any other reason that justifies relief." This provision is narrowly applied when "extraordinary circumstances" exist that "justify reopening" a case—such as a petitioner receiving relief from a default judgment entered while he was "in jail ..., weakened from illness, without a lawyer . . . or funds to hire one," and with "no more ab[ility] to defend himself" "than he would have been had he never received notice of the charges." *BLOM Bank v. Honickman*, 605 U.S. 204, 211-12 (2025). Reopening a case under Rule 60(b)(6) is "limited . . . to cases where 'such action is appropriate to accomplish justice.'" *Justus v. Clark*, 78 F.4th 97, 106 (4th Cir. 2023) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)).

Bowling's arguments—that "[f]irst in time ideology labeling, followed by continued presiding over a later case with motions pending, creates an intolerable risk of injustice and institutional harm"—are not "extraordinary circumstances" that would allow the Court to vacate the judgment under Rule 60(b)(6). The Court will deny Bowling's motion to vacate on these grounds.

## Conclusion

For the above-stated reasons, the Court will deny Bowling's motion to recuse/reassign and motion to vacate with prejudice. Dkt. 6. Although the Court has an obligation to construe

Bowling's filings liberally due to his status as a pro se plaintiff, this obligation is not without limit. The Court puts Bowling on notice of his obligation to familiarize himself with and comply with the Federal Rules of Civil Procedure and the Court's Local Rules when submitting filings. The Court further strongly warns Bowling that the inclusion of, or reliance upon, cases that do not provide direct support for his arguments is a sanctionable offense under Federal Rule of Civil Procedure 11.

    The Clerk of Court is directed to send a copy of this memorandum opinion to all counsel of record.

    A separate order will issue.

    Entered this the 5th of February, 2026.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE